**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KENNETH FOLTZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TDB COMMUNICATIONS, INC.,**<br><br>**Defendant.** | **Case No. 2:24-cv-02581-HLT-ADM** |

## ORDER

Plaintiff Kenneth Foltz filed this Fair Labor Standards Act case against Defendant TDB Communications, Inc. Defendant failed to appear and defend the case. The Court entered default judgment on July 15, 2025. Plaintiff filed the case as a putative class and collective action, but the Court only entered default judgment on Plaintiff's individual claim. Defendant moves to set aside default judgment under Rule 60(b). Plaintiff does not oppose.

Rule 55(c) grants the Court authority to set aside a final default judgment under Rule 60(b). Rule 60(b)(1) provides that the Court may relieve a party from final judgment due to "mistake, inadvertence, surprise, or excusable neglect." A party must show justifiable grounds under the rule (here, Defendant asserts excusable neglect) and a meritorious defense. *In Re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Courts consider several factors when determining whether a party has shown excusable neglect: (1) the danger of prejudice to the plaintiff; (2) the length of delay and its potential impact; (3) the reason for delay; and (4) the good faith of the movant. *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005).

All factors weigh in favor of finding excusable neglect. First, there is little to no danger of prejudice to Plaintiff because Plaintiff does not oppose the motion to set aside. Defendant represents that the parties have reached a settlement agreement and will submit such agreement to

the Court after default judgment is set aside. Second, the delay (less than one year) is reasonable, and Defendant's motion is timely. There has been no discovery in the case. Any impact on judicial proceedings is minimal. Third, Defendant's reasons for delay appear justified. Defendant was unaware of the litigation due to no fault of its own. Once Defendant learned of the lawsuit and default judgment, Defendant retained counsel and began gathering data. Defendant has worked with Plaintiff's counsel to reach a global settlement agreement. Fourth, there is no indication that Defendant acted in bad faith. To the contrary, all indications are that Defendant promptly acted in good faith upon learning of the lawsuit and default judgment. The Court finds that the factors weigh in favor of finding excusable neglect.

The Court also considers whether the moving party's defense is meritorious. This consideration requires only that a defending party "plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Fink v. Swisshelm*, 185 F.R.D. 353, 355 (D. Kan. 1999). The Court understands that Plaintiff does not concede that Defendant's defenses are meritorious.

Defendant has made an adequate showing of meritorious defenses if the Court takes its version of the facts and circumstances as true. The case is about unpaid pre-shift, mid-shift, and post-shift activities during employee workdays. Defendant asserts the activities are not actionable under the Portal-to-Portal Act because the activities qualify as non-compensable time. Defendant also asserts a meritorious defense to class certification. Defendant contends that the proposed class does not meet the requirements for a certifiable class because the putative class lacks commonality.

The Court determines that Defendant has shown excusable neglect and that it has meritorious defenses. Relief under Rule 60(b) is appropriate, and the Court sets aside default

judgment. The Court will set a status conference if the parties have not filed the referenced settlement agreement in the case by August 14, 2026.

THE COURT THEREFORE ORDERS that Defendant's unopposed motion to set aside default judgment (Doc. 17) is GRANTED. The Court sets aside judgment entered July 15, 2025. The Clerk of Court is directed to reopen the case.

IT IS SO ORDERED.

Dated: July 17, 2026

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE